IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CEDRIC MCDONALD,

                Petitioner,

v.

MATTHEW MARSKE,

                Respondent.

OPINION and ORDER

20-cv-146-jdp

---

Federal prisoner Cedric McDonald has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2015 conviction for being a felon in possession of a handgun. McDonald contends that his conviction is invalid under the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (June 21, 2019), because the government did not prove all of the elements of the offense. However, *Rehaif* does not support McDonald's claim for relief. Accordingly, I am denying his petition.

BACKGROUND

McDonald is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. He was convicted after a jury trial in the United States District Court for the Northern District of Iowa of being a felon in possession of a handgun, in violation of 18 U.S.C. §§ 922(a)(2) and 922(g)(1). The trial court concluded that McDonald's three prior felony convictions qualified him as an armed career criminal within the meaning of 18 U.S.C. § 924(e). It then imposed a sentence of 210 months of imprisonment. The Court of Appeals for the Eighth Circuit affirmed McDonald's conviction. *United States v. McDonald*, 826 F.3d 1066 (8th Cir. 2016). McDonald

later filed a successful motion under 28 U.S.C. § 2255 challenging his sentencing enhancement under § 924(3), which resulted in his sentence being reduced to 120 months.

ANALYSIS

McDonald contends that his conviction for being a felon in possession under 18 U.S.C. §§ 922(a)(2) and 922(g)(1) is invalid under *Rehaif*. The question in *Rehaif* was whether, in a prosecution under §§ 922(g) and 924(a)(2), the government had to prove to the jury that Rehaif knew that he was an alien "illegally or unlawfully in the United States," which barred him from possessing a firearm. The Court concluded that the government indeed needed to prove that Rehaif knew that he was in illegal alien status. *Rehaif*, 139 S. Ct. at 2200 ("[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). For those charged with being a felon in possession of a firearm, *Rehaif* means that the government must prove that the criminal defendant knew that he or she possessed and firearm, and knew that he or she had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020).

*Rehaif* does not help McDonald. The record from McDonald's criminal case shows that McDonald conceded that he had been convicted of a prior felony. Dkt. 47, at 10 in 14-cr-3056-MWB-KEM-1 (N.D. Iowa Mar. 17, 2015). In light of McDonald's extensive criminal history and previous incarceration, as discussed at McDonald's sentencing, Dkt. 82, at 2, McDonald would have had no basis to dispute that he knew he was a felon at the time he possessed the firearm. And the jury instructions required the government to prove that

McDonald "knowingly" possessed a firearm. Dkt. 47, at 10. Therefore, the government proved both that McDonald knew that he was a felon and knew that he possessed a firearm. Accordingly, McDonald has not shown that he is entitled to relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). McDonald has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

ORDER

IT IS ORDERED that:

1. Petitioner Cedric McDonald's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. McDonald is DENIED a certificate of appealability.

3. The clerk of court is directed to enter judgment and close this case.

Entered March 11, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge